No. 14,614.

## SMYTHE *v.* BOSWELL ET AL.

APPEAL.—*Time.*—*Statutory Limitation.*—*Fraud of Appellee Preventing Appeal.* —An appeal can not be taken after the time limited by statute, unless the fraud of the appellee or his counsel prevented it from being perfected within the proper time, in which case the Supreme Court, by virtue of its inherent power, may grant an appeal upon a proper application.

From the Benton Circuit Court.

*N. W. Bliss, T. L. Merrick* and *H. S. Travis,* for appellant.

*H. W. Chase, F. S. Chase* and *F. W. Chase,* for appellees.

ELLIOTT, C. J.—The judgment from which this appeal is prosecuted was rendered on the 5th day of September, 1887. On the 11th day of October, 1888, the transcript was filed in the office of the clerk of this court. The transcript contains an assignment of errors and a joinder in error, but there was neither a transcript nor an assignment of errors filed in this court until the 11th day of October, 1888, more than thirteen months after the final judgment was entered. The appellees move to dismiss the appeal.

Affidavits and counter-affidavits were filed by both parties, but we think that the utmost effect that can be given the affidavits of the appellant is, that they tend to prove that her counsel believed that there was a tacit agreement extending the time for taking the appeal beyond the year allowed by law. On the other hand, the affidavits filed by the appellees tend very strongly and satisfactorily to prove that there was no foundation even for this belief. They tend, indeed, to show that the appellees insisted upon the filing of the transcript long before the year expired. There is, at all events, not the slightest ground for inferring that the appellees or their counsel acted in bad faith, or that they wrongfully deceived the appellant or her counsel.

The motion to dismiss the appeal must be sustained. An appeal must be perfected within the time limited by the statute. It is true that the judiciary is an independent department of government, exclusively invested by the Constitution with one element of sovereignty, and that this court receives its essential and inherent powers, rights and jurisdiction from the Constitution and not from the Legislature. *Kuntz* v. *Sumption*, ante, p. 1; *Little* v. *State*, 90 Ind. 338 (46 Am. Rep. 224); *Houston* v. *Williams*, 13 Cal. 24.

This fundamental principle leads, as we are satisfied, to the proposition that if an appeal within the time limited by law should be prevented by the fraud of an appellee or his counsel, the court might, notwithstanding the statutory limitation, grant an appeal upon a proper application. This power, to put the doctrine in a somewhat different form, exists, not by virtue of legislation, but by virtue of the inherent right of every superior court to maintain its dignity and independence, and to control its process and maintain its inherent jurisdiction. Upon this point the current of judicial opinion is smooth and clear. *Nealis* v. *Dicks*, 72 Ind. 374; *Cavanaugh* v. *Smith*, 84 Ind. 380; *Shoultz* v. *Mc-Pheeters*, 79 Ind. 373; *Sanders* v. *State*, 85 Ind. 318; *Gregory* v. *State, ex rel.*, 94 Ind. 384; *Greenough* v. *Greenough*, 11 Pa. St. 489; *Chandler* v. *Nash*, 5 Mich. 409. But the case as it is presented to us is not one calling into exercise the inherent power of the court, but is one in which the appellant has failed to file a pleading or record in this court within the time limited by positive law.

It is unquestionably true that the Legislature may limit the time within which appeals may be taken. The limitation operates primarily upon the parties, but it also binds the court, because it is a rule of procedure established by valid legislation. Our decisions are, therefore, right in holding that an appeal must be taken within the time limited by the statute, and that, unless the transcript and the assignment of errors are filed within that time, there is no cause in this

court. *Wright* v. *Manns*, 111 Ind. 422; *Bacon* v. *Withrow*, 110 Ind. 94; *Johnson* v. *Stephenson*, 104 Ind. 368; *Flory* v. *Wilson*, 83 Ind. 391; *Harshman* v. *Armstrong*, 43 Ind. 126; *Jenkins* v. *Corwin*, 55 Ind. 21; *Anderson* v. *Mitchell*, 58 Ind. 592; *Henderson* v. *Halliday*, 10 Ind. 24; *Hollingsworth* v. *State, ex rel.*, 8 Ind. 257.

Our decisions are sustained by those of other courts. 1 Am. and Eng. Encyclopædia of Law, 621. It may be that the reasoning of the court in some of the cases is not entirely sound, yet the conclusion reached is undoubtedly right.

In order to entitle the appellant in such a case to relief from his own failure to obey the law, he should show a clear and meritorious case, for otherwise the law must take its course. Appellees have a right to demand that appeals be taken within the time limited by law, and of this right they should not be deprived unless they have been guilty of some wrong.

This is not a case of a failure to comply with a rule of court, but is a case of a failure to obey a mandatory statute. It is not a mere technical right that the appellees insist upon, for they base their claim on a statutory command. This is not a case where some default occurs after the case gets into court, for here there was an utter failure to get the case into court within the time fixed by law.

Appeal dismissed.

Filed Feb. 19, 1889.