HEWITT *v.* MILLS ET AL.

[No. 4,004.   Filed June 27, 1901.]

APPEAL AND ERROR.—*Dismissal.*—*Vacation Appeal.*—In order to give the court jurisdiction of a vacation appeal appellant must make all his co-parties to the judgment co-appellants on appeal. *p. 219.*

SAME.—*Death of Party.*—*Notice.*—Where the person in whose favor the judgment appealed from was rendered died after the rendition of the judgment, and before the filing of the record in the Appellate Court, and the appellant prosecutes his appeal against the party to the judgment, without attempting to proceed under §648 Burns 1894, the court does not acquire jurisdiction of the appeal. *p. 219.*

From Whitley Circuit Court; *J. W. Adair,* Judge.

Action by John Hewitt and others against Elizabeth Mills and others. From a judgment for defendants, plaintiff alone prosecutes a vacation appeal. *Dismissed.*

*Alva Taylor,* for appellant..

*I. E. Gingerick,* for appellees.

HENLEY, J.—The motion to dismiss this appeal is sustained for two reasons: (1) This being a vacation appeal, it was necessary, in order to give the court jurisdiction, that appellant should have made all his co-parties to the judgment co-appellants with him in this court. This he has not done. *Owen* v. *Dresback,* 154 Ind. 392, and cases cited. (2) Appellee Jennie C. Lawrence, in whose favor a judgment was rendered against appellant, died after the rendition of said judgment, and before the filing of the record in this court. Appellant made no attempt to proceed under §648 Burns 1894, but prosecuted his appeal against Jennie C. Lawrence, who, at the time the appeal was taken, was dead. In such a case this court does not acquire jurisdiction of the appeal. *Doble* v. *Brown,* 20 Ind. App. 12, and cases cited.

The appeal is dismissed.