## MASTERS, RECEIVER, *v.* ABBITT ET AL.

[No. 8,405. Filed November 21, 1912.]

1. APPEAL.—*Vacation Appeal.—Motion to Dismiss.—Affidavit in Support of Motion.—Counter-Affidavits.—Presumptions.*—Where, on motion to dismiss a vacation appeal, an affidavit in support of the motion showed that appellant had notice of the death of five of the defendants, named as appellees, before the filing of the transcript, and that there had been no substitution of parties, nor steps taken to perfect the appeal as to them, and that ten other defendants were not represented by attorneys and had not been served with notice of the appeal, and counter-affidavits by appellant and his attorneys showed that neither appellant nor his attorneys had notice, at the time of filing the transcript, that any of the defendants were dead or that the appearance entered for any of the defendants was not a full or *bona fide* appearance, and the proof of service showed service on the attorneys of record for all of such defendants nine days before the filing of the transcript, the court will conclude, in the absence of a showing that the person who served the notice on behalf of appellant was not fully advised of the facts set out in the affidavit in support of the motion, that before filing the transcript appellant knew that five of the defendants were dead, and that ten other defendants were not represented by attorneys. p. 430.

2. APPEAL.—*Notice.—Service on Attorney.—Sufficiency.*—For the purpose of serving notice of appeal pursuant to §681 Burns 1908, §640 R. S. 1881, an attorney of record is presumed to continue as such until appellant has notice of the termination of the relation of attorney and client, and, in the absence of a showing that appellant knew of the termination of such relation, or that no such relation ever existed, service of notice on such attorney is as good as service on the party himself. p. 432.

3. APPEAL.—*Time for Perfecting.—Service of Notice.*—Section 672 Burns 1908, §633 R. S. 1881, limits the time within which appeals may be taken to one year from the date of the judgment, and the appeal must be fully perfected within such time, so that where notice, as required by §681 Burns 1908, §640 R. S. 1881, was not served on all the parties within that time, there can be no determination of the cause on its merits. pp. 432, 433.

4. APPEAL.—*Power to Excuse Failure to Perfect Appeal in Time.*—The court possesses the inherent power to grant relief against accidents and mistakes in a proper case, but it will not grant leave to appeal or perfect an appeal after the time fixed by §672 Burns 1908, §633 R. S. 1881, except on a clear and strong showing. p. 433.

From Hendricks Circuit Court; *James L. Clark,* Judge.

Action by J. Fred Masters, as receiver of the Indiana-Ohio-Illinois Railway Company, against George Abbitt and others. From a judgment for defendants, the plaintiff appeals. *Appeal dismissed.*

*Collie E. Kinnie, Otis E. Gulley* and *J. Fred Masters,* for appellant.

*James D. Ermston, Edward B. Raub, Frank J. Lahr, L. A. Barnett, Wiley & Jones* and *Boyd & Julien,* for appellees.

ADAMS, P. J.—Action by appellant, as receiver of the Indiana-Ohio-Illinois Railway Company, against appellees, about two hundred in number, to recover on stock subscriptions made by each of said appellees to said railway. The court sustained a demurrer to the second amended complaint, and, appellant refusing to plead further and electing to abide by his complaint and exception to the ruling of the court in sustaining the demurrer thereto, final judgment was rendered against appellant that he take nothing by his complaint, and that appellees recover their costs.

This appeal is prosecuted as a vacation appeal, the transcript and assignment of errors being filed with the clerk of this court on June 29, 1912, the last day of the year allowed for taking a vacation appeal. Service of notice of the appeal on the attorneys of record is relied on to bring all appellees into this court.

A motion to dismiss the appeal has been filed by a part of the appellees, on the ground that no effort has been made by appellant, within the year given for perfecting the appeal, to bring appellees into court by notice. In support of the motion to dismiss, the affidavit of Walter R. Fertig, one of the attorneys for certain appellees, is filed, showing that five of the defendants to the action in the lower court have died since the rendition

of the judgment below, and that neither the heirs nor the representatives of such deceased parties have been substituted as parties to this appeal, nor any steps taken by appellant to perfect the appeal as to them, although appellant was notified of the death of said parties before filing the transcript in this court.

The affidavit further shows that ten defendants in the action below have not been served with notice of the appeal; that while it is shown by the record that said parties appeared in the trial court and joined with others in the demurrer to the complaint, such appearance was *pro forma* only, and was entered by counsel representing other appellees at the request of counsel for appellant, for the purpose of disposing of said cause as to all parties in the court below; that appellant and his counsel knew and were advised at the time that the attorneys so appearing were not in fact employed by said parties, and when appellant sought to serve notice of the appeal on counsel for appellees, the latter declined to accept service, and again informed appellant's counsel that they were not authorized to appear for said parties or to accept service of notice for them.

Counter-affidavits have been filed by appellant and by Collie E. Kinnie and Otis E. Gulley, his only attorneys of record, wherein it is averred that neither appellant nor his attorneys had any notice or knowledge at the time the transcript was filed and the appeal taken that said appellees were dead; that none of them had any notice or knowledge that the appearance entered for said appellees was not a full, *bona fide* appearance.

Proof of service on the parties in question is made by the affidavit of James E. Babcock, wherein it is shown that on June 20, 1912, affiant "for and on behalf of appellant" served notice of the appeal on W. R. Fertig, of the firm of Shirts & Fertig, attorneys of record for the ten defend-

ants and the deceased defendants in the court below, by reading said notice in his presence and leaving a true copy thereof with him.

Assuming that the affidavits of appellant and his counsel state the facts correctly, still it is not shown that Babcock, who served the notice, was not fully advised of the facts set out in the affidavit of Fertig. We must, therefore, conclude that nine days before the filing of the transcript appellant knew that five of the defendants were dead, and that the firm of Shirts & Fertig was not employed by ten other defendants, and could not accept service for them.

It is well settled in this State that the attorney of record in the trial court, for the purpose of serving notice of appeal pursuant to §681 Burns 1908, §640 R. S. 1881, is

2. presumed to continue as such attorney until the party appealing has notice of the termination of the relation of attorney and client. *Rose* v. *Owen* (1906), 37 Ind. App. 125, 76 N. E. 412. Service of notice on the attorney who appeared of record is as good as service on the party himself, in the absence of a showing that the party prosecuting the appeal had notice that the relation of attorney and client never existed or had been terminated. *Richardson* v. *Pate* (1884), 93 Ind. 423, 430, 47 Am. Rep. 374.

In *Rose* v. *Owen, supra,* the court said: ''The notice of the appeal was served by the sheriff by reading the same to the attorney of record without any denial upon the attorney's part that he was authorized to receive the notice, nor is any showing whatever made that at the time the notice of the appeal was served upon the attorney of record in the trial court the relation of attorney and client between him and appellee had ceased to exist.''

The statute limits the time within which appeals must be taken to this court to one year from the date of the

3. judgment, and the appeal must be fully perfected within such time. It will not be sufficient to take some

steps in that direction. *Bank of Westfield* v. *Inman* (1892), 133 Ind. 287, 288, 32 N. E. 885.

While this court possesses the inherent power to grant relief against accidents and excusable mistakes in a proper case, leave to appeal or perfect an appeal after the time fixed by statute will only be allowed on a clear and strong showing. *Hutts* v. *Martin* (1892), 131 Ind. 1, 30 N. E. 698, 31 Am. St. 412; *Smythe* v. *Boswell* (1889), 117 Ind. 365, 20 N. E. 263; Elliott, App. Proc. §§113, 116.

In the case at bar, there is no showing of accident or excusable mistake, but it is shown, without contradiction, that Babcock, while acting for and on behalf of appellant, had notice that five of the defendants in the action below were dead, and that the attorney on whom service is shown to have been made did not represent the heirs of such deceased defendants, and did not represent ten other defendants. ·

All appeals taken after term must be taken pursuant to §672 Burns 1908, §633 R. S. 1881, and must be fully perfected within the year allowed for taking such appeal. The right of appeal is purely a statutory right, and must be invoked and exercised in the manner provided by statute. As it appears that no effort has been made within a year from the time the judgment was rendered to bring all appellees before this court by service of notice, as provided in §681 Burns 1908, §640 R. S. 1881, there can be no determination of the cause on its merits.

Appeal dismissed.

Note.—Reported in 99 N. E. 815. See, also, under (2) 2 Cyc. 868; (3) 2 Cyc. 789, 869; (4) 2 Cyc. 799.