McGUIRE v. REVIEW BOARD OF THE INDIANA EMPLOYMENT SECURITY DIVISION ET AL.

[No. 18,212. Filed June 7, 1951.]

*Richard L. Wilder,* of Bloomington, for appellant.

*J. Emmett McManamon,* Attorney General, and *Glen F. Kline,* Deputy Attorney General, for appellees.

## ON MOTION TO DISMISS APPEAL

WILTROUT, J.—On February 15, 1951, the Review Board entered its decision against appellant on her claim for benefits under the Indiana Employment Se-

curity Act. Such decision was mailed to all interested parties on February 20, 1951. Appellant, within a period of fifteen days thereafter, filed her notice of an intention to appeal such decision.

Section 52-1542k, Burns' 1951 Replacement, provides that: "Either party to the dispute may, within thirty (30) days after notice of intention to appeal as herein provided, appeal the decision to the Appellate Court for errors of law under the same terms and conditions as govern appeals in ordinary civil actions."

It was not until May 15, 1951, (sixty-nine days after notice of intention to appeal) that appellant submitted the transcript and assignment of errors for filing. No extension of time within which to file the transcript and assignment of errors was requested or granted.

Appellant, in opposing appellees' motion to dismiss, seeks to show that the failure to file within the statutory time was due to accident and excusable mistake of appellant's counsel.

It is shown by affidavit that on April 5, 1951, two days prior to the expiration of the time for filing the transcript and assignment of errors, appellant's counsel appeared in the office of the Clerk of the Supreme Court with such documents in his possession and with the intention of then and there filing the same. Feeling that it was necessary to file said documents within thirty days from the date of the notice of intention to appeal, and knowing that but two days yet remained before such deadline, and being desirous of utilizing the fullest of time allotted, he inquired of a deputy clerk as to the practice relating to the filing of appeals. The deputy clerk informed him that while he could file the transcript and assignment of errors at that time, there was no need to do so immediately or on the 7th day of April, 1951, and that filing on that day would make the briefs thereupon due within thirty days from that day;

that the deputy clerk did not believe that the thirty day requirement overrode the rules of the court. Appellant's counsel relied upon this statement, and did not file the documents and perfect the appeal within the time allowed.

It is uniformly held that an appeal must be taken within the time limited by statute or rule. It is not sufficient to merely take some steps in that direction. Unless the transcript and assignment of errors is filed within the time allowed there is no cause in the appellate tribunal, and the appeal will be dismissed. *Brady* v. *Garrison* (1912), 178 Ind. 459, 99 N. E. 738; *Smythe* v. *Boswell* (1889), 117 Ind. 365, 20 N. E. 263; *The Bank of Westfield* v. *Inman et al.* (1892), 133 Ind. 287, 32 N. E. 885; *Board of Com'rs of Vigo County et al.* v. *The City of Terre Haute* (1897), 147 Ind. 134, 46 N. E. 350; *Barr* v. *Allen* (1940), 217 Ind. 489, 29 N. E. 2d 316.

It has been said, however, that where an appellee, by violence or fraud, has prevented appellant from perfecting his appeal in time, or where appellant's failure to perfect his appeal was due to accident or excusable mistake, the appellate tribunal may grant an appeal on a proper application, by virtue of its inherent power. But this extraordinary power will never be exercised except where appellant presents a meritorious case, in which he has been free from negligence, and appellee's conduct or the accident or mistake relied on is clearly established. *Brady* v. *Garrison, supra; Smythe* v. *Boswell, supra; The Bank of Westfield* v. *Inman et al., supra; Hutts et al.* v. *Martin* (1892), 131 Ind. 1, 30 N. E. 698, 31 Am. St. 412; *Hurst* v. *Hawkins* (1907), 39 Ind. App. 467, 79 N. E. 216, 80 N. E. 42; *Masters* v. *Abbitt* (1912), 51 Ind. App. 429, 99 N. E. 815; *Coxe Bros. & Co.* v. *Foley*

(1915), 58 Ind. App. 584, 107 N. E. 85; *Tate* v. *Hamlin et al.* (1895), 149 Ind. 94, 41 N. E. 365, 41 N. E. 1035; *In re Ale* (1917), 66 Ind. App. 144, 117 N. E. 938; *State ex rel. Barnes* v. *Howard* (1946), 224 Ind. 107, 65 N. E. 2d 55.

The only question here is whether there was excusable mistake which caused appellant to fail to perfect her appeal in time. No "accident" is shown.

It was said in *Fishback* v. *Public Service Comm.* (1923), 193 Ind. 282, 138 N. E. 346, 139 N. E. 449, that, "Ordinarily, the Supreme Court will do all that is possible to save an appeal where the parties have relied on acts of the court or its officers, which were done without lawful authority."

We do not believe, however, that a lawyer is entitled to rely upon the advice of a deputy court clerk interpreting the statutes of this state or the rules of court. *Vaughan* v. *Walters* (1869), 3 Ky. Op. 460; *Chicago, R. I. & P. R. Co.* v. *Sporer* (1904), 72 Neb. 372, 100 N. W. 813; *Fort* v. *White* (1915), 58 Ind. App. 524, 108 N. E. 27.

Moreover, the mistake for which relief may be granted must be one of fact, and not, as here, one of law. *Chicago, etc., R. Co.* v. *Priddy* (1917), 65 Ind. App. 552, 108 N. E. 238, 115 N. E. 266.

The motion to dismiss the appeal is sustained.

Appeal dismissed.

NOTE.—Reported in 99 N. E. 2d 263.