MARTIN ET AL. *v.* INDIANAPOLIS WATER COMPANY ET AL.

[No. 19,253. Filed December 17, 1959. Rehearing denied January 15, 1960. Transfer denied March 4, 1960.]

418

*George L. Diven,* Public Counselor, for appellants.

*Joseph J. Daniels, G. R. Redding, John L. Woolling* and *Edwin K. Steers,* Attorney General, for appellees.

PER CURIAM.—We consider the questions involved herein to be of sufficient import to warrant the determination thereof by the entire Court.

This is a proceeding to review an order of the Public Service Commission of Indiana approving a schedule of rates to be charged by the appellee, the Indianapolis Water Company. The appellants have brought this appeal pursuant to the provisions of Chapter 189 of the Acts of the Indiana General Assembly of 1957.

The appellee, the Indianapolis Water Company, has filed a motion to dismiss or affirm this cause upon several grounds which we will hereinafter set forth and discuss.

The assignment of errors, which is the appellants' complaint in this Court, is entitled: "WALTER MARTIN, MARTHA BLANKENSHIP, HAROLD W. BROWN, SEBASTIAN J. DAVIN, THOMAS A. WELCH, ON BEHALF OF THEMSELVES AND OTHERS, RATE PAYERS, PATRONS AND PUBLIC SIMILARLY SITUATED, APPELLANTS v. THE INDIANAPOLIS WATER COMPANY, PUBLIC SERVICE COMMISSION OF INDIANA, appellees."

From an examination of the title of the aforesaid assignment of errors we discover that the Public Serv-

ice Commission of Indiana has been erroneously named as a party appellee. The Public Service Commission of Indiana constituted the fact-finding administrative board which entered the order from which this purported appeal is being taken and is not a party to the order attacked by the appellants in this appeal. It is therefore our opinion that the Public Service Commission of Indiana could not properly be joined as a party appellee for the reason that it is not a party of interest within the meaning of Rule 2-6 of the Supreme Court of Indiana, 1949 revision. *Lafayette Chapter etc.* v. *City of Lafayette* (1959), 129 Ind. App. 425, 157 N. E. 2d 287, 289.

The appellee's (Indianapolis Water Company) motion to dismiss or affirm, omitting the formal parts, reads as follows:

"1. The brief filed herein by the appellants completely fails to meet the requirements of Rule 2-17 of the Indiana Supreme Court, and the appellants have not even made a good faith effort to comply with that rule. The appellants' so-called concise statement of the record is defective in the following material respects:

"(a) It does not contain a condensed recital of the evidence necessary to present a full understanding of the questions presented.

"(b) Most of the scattered portions of the testimony which are set out are not in narrative form.

"(c) It completely omits the testimony of several witnesses and omits, without even a summary, most of the exhibits received in evidence.

"(d) It is neither accurate nor impartial.

"(e) It abounds in arguments and the appellants' versions, comments and conclusions, instead of impartially stated record facts.

"Thus the purported 'concise statement' is so completely defective that actually no concise statement has been filed in this cause.

"The appellants' basic contention, shown in both their purported assignment of errors and in their brief, is that the order of the Public Service Commission of Indiana is contrary to law and not supported by sufficient evidence. To determine whether any supposed error of law was prejudicial to the appellants or whether the order is supported by the evidence requires a consideration of *all* of the evidence. This cannot be done without searching the record. The appellants' brief presents nothing for review. It is so completely inadequate that the appeal should be dismissed or the order below affirmed without further proceedings in this cause.

"2. The appellants did not, either on or before the date of the filing of the purported assignment of errors in this Court, or at any other time, serve a copy thereof upon the appellee Indianapolis Water Company or any of its attorneys as is required by Acts of 1957, Ch. 189, §5, p. 397, under which Act the appellants have sought to bring this appeal. Said requirement is mandatory and jurisdictional.

"3. The appellants did not, either on or before the date of the filing of the purported assignment of errors in this Court, or at any other time, serve a copy thereof upon any of the several parties to the Commission proceeding, or upon any of their attorneys, as required by Acts of 1957, Ch. 189, §5, p. 397, under which Act the appellants have sought to bring this appeal. Said requirement is mandatory and jurisdictional.

"4. The appellants have failed to show that they or any of them have any right to bring this purported appeal because

"(a) None of the appellants was either a party to, or in any manner participated or appeared in, the proceeding before the Public Service Commission of Indiana from which this appeal is attempted to be taken. (Tr. 33-37; 45-59; 64-67; 72-75) ; and

"(b) The assignment of errors does not contain a single allegation showing that the appellants or any of them are ratepayers or customers of the appellee Indianapolis Water Company or that they or any of them have any interest in this proceeding or are in any manner affected by the order of the Public Service Commission of Indiana which is sought to be reviewed by this purported appeal. Thus, the appellants have wholly failed to make the necessary showing that they or any of them are persons who may appeal under Acts of 1957, Ch. 189, §1, p. 395 (Burns' §54-443).

"An assignment of errors showing that it is filed by parties having the right to appeal is essential to the commencement of the appeal and the jurisdiction of this Court. It follows that the purported appeal in this cause has not been commenced within the time limited under said Acts and that this Court is without jurisdiction to proceed herein except to enter an order dismissing this cause.

"5. No assignment of errors has been filed herein because

"(a) An assignment of errors, to be considered as such, must be signed by a party or parties or an authorized attorney for a party or parties;

"(b) The purported assignment of errors in this cause is not signed by any party or parties or by the attorney for any party or parties, but is signed only by the Public Counselor in his official capacity; and

"(c) The Public Counselor has no power or authority to institute an appeal from an order of the Public Service Commission of Indiana either as Public Counselor or on behalf of rate payers or anyone else.

"The signature of the Public Counselor on the purported assignment of errors is a nullity; nothing is presented for the Court's consideration; and the Court is without jurisdiction to proceed herein except to enter an order dismissing this cause.

"WHEREFORE, the appellee Indianapolis Water Company respectfully requests that this appeal be dismissed or, in the alternative, that the order of the Public Service Commission of Indiana be affirmed."

Item No. 4 of appellee's motion to dismiss or affirm questions our jurisdiction to proceed herein, except to enter an order dismissing this appeal.

The record before us affirmatively reveals that, after the appellees filed a proper petition with the Public Service Commission of Indiana, proper notice of hearing and proof of publication was made, and thereafter on the third day of January, 1958, the County of Marion, Indiana, by its Board of County Commissioners, and through its attorneys, Leo L. Kriner and French M. Elrod, filed with the Public Service Commission of Indiana its Petition for Leave to Intervene in said cause; that on the twenty-first day of April, 1958, the City of Indianapolis, Indiana, through its City Attorney, John J. Dillon, and its Corporation Counsel, Michael B. Reddington, filed with the Public Service Commission of Indiana its Petition to Intervene; that on the twenty-fifth day of April, 1958, certain customers of the Indianapolis Water Company, through the Office of the Public Counselor, filed with the Public Service Commission of Indiana their Petition to Intervene. The names of the said intervening customers, according to the record, are as follows: George E. Kremer; Randolph Schubert; Luman S. Draine; Robert F. Kelly, Howard Allen; Leonard Riley; Charles Springer; Mary Waterbury, Mabel Tacke; J. G. George, who averred that they are residents, home owners and customers of the Indianapolis Water Company, filed the petition on their own behalf and on the behalf of others similarly situated. All of the foregoing parties were permitted

to intervene and became, under the law, parties in interest.

For some reason which does not appear in the record none of the above-named intervenors, who appeared and opposed the rate increase petitioned for by the Indianapolis Water Company, have joined in this appeal, nor are they named as participating parties appellant herein.

It affirmatively appears from the record that the parties appellant named in the assignment of errors made their first appearance, as purported parties of interest in this cause, in this appeal in the title of the appellants' assignment of errors. None of the designated appellants herein was a party to the proceedings before the Public Service Commission and none intervened or participated in the original proceeding in any manner or respect. Furthermore, the assignment of errors does not contain a single allegation showing that the designated appellants, or any of them, are ratepayers or customers of the appellee, Indianapolis Water Company; or that they, or any of them, have any interest in this proceeding; or that they are in any manner affected by the order of the Public Service Commission of Indiana which is sought to be reviewed by this purported appeal; or even that they reside in an area served by the Indianapolis Water Company.

It is the general rule of law that "when the law is in the affirmative that a thing should be done by certain persons or in a certain manner, this affirmative manner contains a negative that it shall not be done by other persons or in another manner." *Shupe* v. *Bell et al.* (1956), 127 Ind. App. 292, 298, 141 N. E. 2d 351. 26 *Am. and Eng. Ency. Law.* (2d Ed.) 605, and cases cited therein; *State ex rel.* v. *Home Brewing Co.* (1914), 182 Ind. 75, 95, 105 N. E. 909.

The jurisdiction of the Appellate Court of Indiana and the methods prescribed by which the court shall exercise its jurisdiction must be conferred either by constitutional and/or legislative authority. As this Court stated in the case of *Shupe* v. *Bell, supra:*

". . . It is a familiar rule that statutes granting jurisdiction which was not given in common law are to be strictly construed and one seeking to take advantage of such a statute must be himself clearly within its spirit as well as within its letter. *Martin* v. *Schulte* (1933), 204 Ind. 431, 435, 182 N. E. 703, and cases therein cited. In discussing statutory construction, Sutherlin's, a widely-accepted authority, in Vol. 2, p. 1048, §§565, 566, announces the rule as follows:

'A statutory remedy or proceeding is confined to the very case provided for and extends to no other. It cannot be enlarged by construction; nor be made available or valid except on the statutory conditions, that is, by strictly following the directions of the act.'

"Statutory requirements have been held jurisdictional for many years in Indiana. *Albee* v. *May* (1846), 8 Blackf. 310; *Farlow* v. *Hougham* (1882), 87 Ind. 540; *Borders* v. *Williams* (1900), 155 Ind. 36, 38, 57 N. E. 527.

"The proceedings before us is a special statutory one, . . . as we have heretofore stated. The law is well settled in Indiana that when a party seeks to invoke jurisdiction of a court to act in a special statutory proceeding, he must, without the aid of intendment, bring himself strictly within its spirit as well as within its letter. *Martin* v. *Schulte, supra; Gossard* v. *Vawter* (1939), 215 Ind. 581, 583, 21 N. E. 2d 416; *State ex rel. Robertson* v. *Circuit Court of Lake Co.* (1938), 215 Ind. 18, 17 N. E. 2d 805; *State ex rel. Wever* v. *Reeves* (1951), 229 Ind. 164, 96 N. E. 2d 268; *State ex rel. Gary* v. *Lake Sup. Ct.* (1947), 225 Ind. 478, 76 N. E. 2d 254; 1 Watson's Work's Practice & Forms, p. 294, §414; 1 Lowe's Work's Indiana Prac-

tice, §13.13, p. 449; 2 Gavit, Indiana Pleading and Practice, p. 1714, §236; *Peoples* v. *City of Valparaiso* (1912), 178 Ind. 673, 100 N. E. 70; *Sherfey* v. *City of Brazil* (1938), 213 Ind. 493, 504, 13 N. E. 2d 568; *Thornburg* v. *The American Strawboard Company* (1895), 141 Ind. 443, 445, 40 N. E. 1062, 50 Am. St. Rep. 334; Brown on Jurisdiction (2d Ed.) p. 15, §2b. 'If the jurisdiction of the courts is derived from statutory authority, in a proceeding not in accordance with the ordinary proceedings of the common law or the established usages of equity, then, in such cases the rule is the more strict, and the facts conferring jurisdiction must appear of record. And where the statute prescribes the grounds for 'the exercise of jurisdiction in the particular action, such grounds must be set forth . . . warranting such exercise, and the necessary jurisdictional facts must appear, or the judgment will be void, even in a collateral attack.' Brown on Jurisdiction, 2d Edition, p. 19, §3a.' "

The right to appeal a decision, ruling or order of the Public Service Commission and the proper procedure in such appeal is provided for by §§54-443 and 54-445, Burns', 1959 Supplement, which read as follows:

"*Any person,* firm, association, corporation, city, town or public utility adversely affected by any final decision, ruling, or order of the public service commission of Indiana, may, within thirty (30) days from the date of entry of such decision, ruling, or order, appeal to the Appellate Court of Indiana for errors of law under the same terms and conditions as govern appeals in ordinary civil actions, except as otherwise herein provided, and with the right in the losing party or parties in the Appellate Court to apply to the Supreme Court for a petition to transfer the cause to said Supreme Court as in other cases. An assignment of errors that the decision, ruling or order of the commission is contrary to law shall be sufficient to present both the sufficiency of the facts found to sustain the decision, ruling or order, and the sufficiency of the evidence to sustain the finding of facts upon which

it was rendered. (Acts 1957, ch. 189, §1, p. 395)." (Our emphasis.)

"*Any person*, firm, association, corporation, city, town or public utility may file with the clerk of the court a *verified petition to be made a party appellant* or appellee, which petition shall allege facts showing that the petitioner has a substantial interest in the determination of the action, and such petitioner shall be made a party appellant or appellee as its interest appears. Any party applicant, intervenor or protestant in the proceedings had before the commission in the matter from which the appeal is taken shall be and have the rights of a party on appeal, upon the filing of a written appearance therein. But no party by his appearance or petition to be made a party shall acquire the right to file a brief, the time for filing of which has expired prior to his appearance. (Acts 1957, ch. 189, §3, p. 395)." (Our emphasis.)

The foregoing sections of the statute appear to be clear and unambiguous. It appears from a review of the record that none of the intervenors, or protestants, who appeared in the proceedings before the Public Service Commission, have attempted to exercise any rights as parties appellant by filing a written appearance herein, nor have any of the parties, designated in the assignment of errors, filed with the Clerk of this Court a verified petition to be made parties appellant alleging therein facts showing a substantial interest in the determination of this action. The right of appeal rests solely in a person, or persons, "adversely affected" by the decision, ruling or order sought to be reviewed. In order to maintain an appeal pursuant to the provisions of this statute, an appellant is required to bring himself within its provisions. Where persons who are attempting to appeal under the provisions of this statute neither have been made parties nor are parties to the original proceedings, they

are required to show affirmatively their claim of a right of review. This Court stated in the case of *Campbell-Smith-Ritchie Co.* v. *Souders* (1917), 64 Ind. App. 138, 115 N. E. 354, as follows:

> "In order that a person may be entitled to maintain an appeal, it must appear that as party or privy, he has a substantial interest in the subject matter of the litigation, and that he is prejudiced or aggrieved by the judgment or decree from which he seeks to appeal. . . .
>
> "If a stranger to the record, or if the judgment appealed from does not on its face affect him, but in some manner he has become privy to liability thereunder so that he has an appealable interest therein, his right to appeal, not otherwise appearing from the record, should be made to appear by the assignment of error. . . ."

The review by this Court of an order of the Public Service Commission is a judicial review of an administrative order. The assignment of errors in this statutory appeal is the initial pleading in this Court and it serves the same function that is served by the complaint in a special statutory proceeding in a trial court. As such it must contain the necessary jurisdictional facts. It appears that the assignment of errors in this case does not state the necessary jurisdictional facts, namely: that the appellants either have a substantial interest in the subject-matter of the litigation, or that they are adversely affected by the order of the Commission. *State ex rel. Ayer* v. *Ewing* (1952), 231 Ind. 1, 106 N. E. 2d 441; *Payne* v. *Buchanan* (1958), 238 Ind. 231, 148 N. E. 2d 537, 150 N. E. 2d 250.

Because none of the many persons who intervened in the original proceedings are named as appellants, and

because none of the parties now designated as ▮ appellants followed the procedure required by §54-445 Burns, *supra,* to be made parties on appeal, we are therefore forced to conclude that we are without jurisdiction to determine this appeal for the reason that there is no proper assignment of errors before us. Our Supreme Court in the case of *Baugher et al.* v. *Hall, Receiver, etc.* (1958), 238 Ind. 170, 147 N. E. 2d 591, held that such a defect is jurisdictional. The court in so holding stated:

> "Amended Rule 2-6 still requires an assignment of errors. As we construe the rule, it does not dispense with the necessity of naming in the assignment of errors 'all parties to the judgment seeking relief by the appeal' and 'all parties to the judgment whose interests are adverse to the interests of the appellants.' Rule 2-6 does not say 'Failure to name parties will not be treated as jurisdictional.' The word 'properly' limits the application and effect of the new jurisdictional rule adopted. The ordinary meaning of 'properly' is 'Suitably, fitly; strictly; rightly; correctly': Webster's New Int. Dict. (2d Ed.) Unabridged. It may be that Rule 2-6 should be further amended, but as it stands it is now the law of this jurisdiction on appeals, and we as well as the parties to the judgment in the trial court are bound by it.
>
> "The Receiver is not named at all in the assignment of errors. Only one party is named as appellant. The others cannot be brought in by reference to the transcript. In view of the well settled decisions before the 1943 amendment of Rule 2-6, neither this court nor the Appellate Court had jurisdiction of this appeal."

A careful search of the entire record has failed to disclose to us, and none of the parties hereto have directed our attention to any place in the record where the same may be found, that any copy of the assignment of errors was served by anyone upon the parties named

in this appeal, as provided for and required by §54-447, Burns', 1959 Supplement, which reads as follows:

"A copy of any assignment of errors or of cross-errors filed in the Appellate Court shall be served by mail, on or before the date of such filing, upon all parties or their attorneys of record as shown by the commission record filed; but copies of briefs shall be served by mail, upon only the attorney-general of Indiana and those parties or their attorneys of record who have filed an appearance or assignment of errors with the clerk of the Supreme and Appellate Courts. (Acts 1957, ch. 139, §5, p. 395.)"

It seems clear that under the provisions of the aforesaid Act the service, in the manner therein provided, of a copy of the assignment of errors filed in this court, upon all of the parties or their attorneys, is prerequisite to the exercise of jurisdiction by this court. Said section of said statute uses terms of compulsion and mandate and not terms of a directory function only. Therefore, to hold that the service of a copy of the assignment of errors, as provided in said statute, is not jurisdictional would be tantamount to affording us the discretionary right to hear an appeal even where the parties were not served a copy of the assignment of errors as provided for in said statute. See *Kupfer et al.* v. *Board of Zoning Appeals of Indianapolis* (1959), 130 Ind. App. 55, 162 N. E. 2d 110, 114.

The purported transcript of the record filed with the Clerk of this Court wherein proper parties appellant are not named and the same were not served as required by law fails to invoke the jurisdiction of this court.

Other objections are raised as to the sufficiency of appellants' brief but our jurisdiction under the circum-

stances attaches only for the purpose of dismissal. *State ex rel. Ayer* v. *Ewing* (1952), 231 Ind. 1, 14, 106 N. E. 2d 441.

It seems quite apparent that at every step of the proceedings in this appeal, there has been exhibited an almost unbelievable disregard for the jurisdictional requirements of the statute. The initial pleading, the assignment of errors, fails to show the essential elements of jurisdiction; and the mandatory requirements of the statute for service have been completely ignored. Each of these defects is a sufficient ground for dismissal; and considered together they overwhelmingly demonstrate that there is not the flimsiest basis upon which to rest jurisdiction or to proceed in the determination of this cause upon its merits. Furthermore, in this case the complete failure to observe even the most basic requirements of jurisdiction imposed upon those who wish to attack an order or decision of the Public Service Commission precludes such a course. Even after the appellee filed its motion to dismiss or affirm in which motion the errors appearing in appellant's brief were very clearly and succinctly set forth, the appellants still made no effort to correct these errors, although more than sufficient time was allowed, which further clearly indicates a lack of good faith effort to comply with the jurisdictional requirements of the statute. If the mandatory provisions of the statute are not to be ignored; if the principles which have been laid down by the Indiana Supreme Court and by this court are to be recognized and followed; and if an orderly procedure is to be maintained and compliance with reasonable and proper provisions for review enforced, it is necessary that this appeal be dismissed.

For the reasons given the appeal is dismissed.

NOTE.—Reported in 162 N. E. 2d 709.