JOHNNIE K. RASTENBURG v. SILVER FOUNTAIN, INC.

[No. 2-273A34. Filed May 1, 1973. Rehearing denied June 12, 1973.]

*Patrick R. Taylor, Taylor and McCain,* of Martinsville, for appellant.

*Theodore L. Locke, Jr., Locke, Reynolds, Boyd & Weisell,* of Indianapolis, *Edwin J. Bunny,* of Indianapolis, for appellee.

ON APPELLEE'S MOTION TO DISMISS APPEAL

PER CURIAM—This attempted appeal is from a negative award of the Industrial Board, and is pending before the Court on the appellee's Motion to Dismiss Appeal, which alleges as cause therefor that the record does not contain an assignment of errors. We have examined every page of the record herein and find that appellee's allegation is true.

The same problem was presented to the Court in the case of *Slinkard* v. *Extruded Alloys* (1971), 150 Ind. App. 479, 277 N.E.2d 176. In that case the Court stated:

"An Assignment of Errors constitutes the appellant's complaint on appeal. To invoke appellate review, a proper Assignment of Error *must be filed,* and in its absence such power of review cannot be properly exercised. LaReau v. Teibel (1956) 127 Ind. App. 92, 138 N.E.2d 153."

\* \* \*

"The office of the Assignment of Error in the transcript is to act as a complaint invoking the jurisdiction of this court to review the Board's decision. This prerequisite to judicial review of Industrial Board cases is too firmly established to be negated by permitting an appellant to assign error in his brief only. . . .

"We have carefully examined the record and we find no Assignment of Error in the transcript. Accordingly, this appeal must be dismissed, as we have no jurisdiction to review the Board's decision."

The holding of the *Slinkard* case, and the prior cases upon which it was based, control our disposition of this case. This Court always prefers to decide cases on their merits when it is possible to do so. But when, as in this case, the appellant fails to invoke the jurisdiction of the Court, we can only dismiss the attempted appeal.

The appellee's Motion to Dismiss is sustained, and this cause is dismissed.

NOTE.—Reported at 295 N.E.2d 371.