DORIS MEANS, AS MOTHER AND NEXT FRIEND OF HOWARD W. L. SHIRLEY, JR. MEANS *v.* SEIF MATERIAL HANDLING COMPANY, EMMA JEAN MCGEE, HOWARD J. SHIRLEY.

[No. 2-672A27. Filed September 11, 1973. Rehearing denied October 5, 1973. Transfer denied February 18, 1974.]

*Kenneth C. Kern, Kenneth C. Kern & Associates,* of Indianapolis, for appellant.

*Larry R. Champion, Tracy & Champion,* of Indianapolis, *David R. Balch,* of Cary, Illinois, attorneys for appellee, *Howard J. Shirley, Charles S. Gleason, Gleason, Woods & Johnson,* of Indianapolis, attorneys for appellee Emma Jean McGee.

WHITE, J.—This is an attempted appeal from an award of the Full Industrial Board of Indiana. The record of the proceedings before the Board was timely filed on November 10, 1972. The case was fully briefed and transmitted to us from the clerk's office on February 6, 1973. We examined the record and failed to find an assignment of errors.

Absent a timely filed assignment of errors we have no jurisdiction to review an award of the Industrial Board. *Clary* v. *National Friction Products, Inc.* (1972), 259 Ind. 581, 290 N.E.2d 53, 34 Ind. Dec. 271; same case (1972), 283 N.E.2d 574, 31 Ind. Dec. 270; *Slinkard* v. *Extruded Alloys* (1971), 150 Ind. App. 479, 277 N.E.2d 176, 28 Ind. Dec. 619; *Rastenberg* v. *Silver Fountain, Inc.* (1973), 156 Ind. App. 139, 295 N.E.2d 371, 36 Ind. Dec. 220. Therefore, on February 22, 1973, we issued the following order:

> "Having examined the record herein, and having failed to find therein, or attached thereto, an Assignment of Errors, the Court now finds that the parties should be notified that the cause will be dismissed for want of jurisdiction unless, within twenty days of this date, good cause to the contrary is shown."

The appellant's response, filed March 14, 1973, tacitly admits that she had not filed an assignment of errors prior thereto. With her response, which is denominated "Petition to File Omitted Assignment of Errors", she tendered an assignment of errors. An attempt was

made to excuse failure timely to file the assignment on the nebulous ground that "certain staff changes were being made in the office of appellant's attorney" at the time the appeal was being prepared. In effect, this is a petition for an extension of time filed months after the time has expired. Appellate Rule 14(A) requires that "[p]etitions for an extension of time to file papers required to be filed within a prescribed time by these rules must be filed before the expiration of such time. . . ." The statute provides for appeals to this court from awards of the Full Industrial Board "under the same terms and conditions as govern appeals in ordinary civil actions". IC 1971, 22-3-4-8, Ind. Ann. Stat. § 40-1512 (Burns 1965 Repl.). Appellate Rule 3(B) provides, in pertinent part: "In all appeals and reviews . . . the record of the proceedings must be filed with the clerk of the Supreme and Appellate Courts within ninety (90) days from the date of the judgment. . . ." AP. 7.2(A) states that the record of the proceedings shall contain an assignment of errors. In this case three timely filed petitions for extensions of time were granted, the last of which extended the time to and including November 10, 1972. Appellant's petition filed March 14, 1973 is therefore four months late. Which is to say it comes to us four months after we have lost jurisdiction (or the possibility of acquiring jurisdiction) to review the award to which appellant objects.

We deeply regret that a technicality has frustrated an appeal. No useful purpose is served by requiring an assignment of errors in an appeal from an award of the Industrial Board. The statute[1] provides, in effect, that an assignment that the award is contrary to law is sufficient to present any error. Such an all encompassing assignment is as helpful as a blank sheet of paper would be. Its filing is merely a ritual whereby an appellant invokes our jurisdiction. Either the Supreme Court or the General Assembly, or both, should

---

1. Ind. Ann. Stat. § 40-1512 (Burns 1965 Repl.) IC 1971, 22-3-4-8.

abolish it. Until that is done, however, we have no jurisdiction of this case and can do nothing but dismiss it.

Appeal dismissed.

Buchanan, P.J., concurs; Sullivan J., concurs with opinion.

### CONCURRING OPINION

SULLIVAN, J.—It has been stated and very recently restated that:

> "The Constitution of this state vests the judicial power in the courts. The judiciary is an independent and equal coordinate branch of the government. Courts were established for the purpose of administering justice judicially, and it has been said that their powers are coequal with their duties. In other words, they have inherent power to do everything that is necessary to carry out the purpose of their creation." *Knox County Council* v. *State ex rel. McCormick* (1940), 217 Ind. 493, 498, 29 N.E.2d 405; *Burrus* v. *Silhavy* (1973), 155 Ind. App. 558, 293 N.E.2d 794.

Accordingly, I believe this court to have the inherent power to permit belated civil appeals for good cause shown. In *Schilling* v. *Ritter* (1963), 134 Ind. App. 168, 171, 172, 186 N.E.2d 887, the Appellate Court said:

> "It is true that this court has inherent power to grant time to perfect an appeal even after the expiration of time allowed by the rules of the Supreme Court, or statute, for sufficient reasons shown (See *State ex rel. Thomas* v. *Elkhart Circuit Ct.* [1950], 228 Ind. 572, 94 N.E.2d 485; Flanagan, Wiltrout & Hamilton's Indiana Trial and Appellate Practice, § 2471, p. 193; *Lowe, by Next Friend et al.* v. *Gardner et al.* [1959], 129 Ind. App. 527, 158 N.E.2d 808) as the appellant herein maintains in his Memorandum in Support of Petition for Extension of Time; however, this is only done in rare and exceptional cases, such as matters of great public interest, or where extraordinary circumstances exist."

And in *Tourkow* v. *Hoover* (1952), 122 Ind. App. 676, 679-680, 108 N.E.2d 195, the court noted:

"The rule upon this issue is well established that, where an appellant is, by physical restraint or by fraud on the part of appellee, prevented from perfecting his appeal in time, or where appellant's failure to perfect his appeal was due to accident or excusable mistake, the appellate tribunal may grant an appeal on a proper application by virtue of its inherent power. But this extraordinary power will never be exercised except when appellant presents a meritorious case, in which he has been free from negligence. Smythe v. Boswell (1889), 117 Ind. 365, 20 N.E. 263; Hutts v. Martin (1892), 131 Ind. 1, 30 N.E. 698, 31 Am. St. 412; Bank of Westfield v. Inman et al. (1892), 133 Ind. 287, 32 N.E. 885; Tate v. Hamlin et al. (1895) 149 Ind. 94, 41 N.E. 356, modification overruled 149 Ind. 94, 41 N.E. 1035; Brady v. Garrison (1912), 178 Ind. 459, 99 N.E. 738; State ex rel. Cook v. Howard, supra; State ex rel. Barnes v. Howard, supra; Hurst v. Hawkins (1907), 39 Ind. App. 467, 79 N.E. 216; rehearing denied 39 Ind. App. 467, 80 N.E. 42; Masters v. Abbitt (1912), 51 Ind. App. 429, 99 N.E. 815; Coxe Bros. & Co. v. Foley (1915), 58 Ind. App. 584, 107 N.E. 85; Union Trust Co., Exr. v. Burke (1937), 104 Ind. App. 353, 11 N.E.2d 55; McGuire v. Review Board, Emp. Sec. Div. (1951), 121 Ind. App. 377, 99 N.E.2d 263." See also Indiana Personnel Board v. Parkman (1967), 140 Ind. App. 308, 223 N.E.2d 352.

Appellant here, however, has not demonstrated such good cause as would justify the exercise of that inherent power. It is for this reason alone that I concur in the denial of appellant's petition to file omitted Assignment of Error and in the dismissal of the attempted appeal.

NOTE.—Reported at 300 N.E.2d 895.