SCOTT PAPER COMPANY, BY ITS DIVISION, BEVERIDGE PAPER COMPANY, INDIANAPOLIS-MARION COUNTY BUILDING AUTHORITY v. PUBLIC SERVICE COMMISSION OF INDIANA, W. W. HILL, WILLIAM B. POWERS AND DAVID J. ALLEN, AS MEMBERS OF THE PUBLIC SERVICE COMMISSION OF INDIANA, FRANK BIDDINGER, THE NEW PUBLIC COUNSELOR OF THE STATE OF INDIANA, SUBSTITUTED FOR CARL E. VAN DORN, THE FORMER PUBLIC COUNSELOR OF THE STATE OF INDIANA, INDIANAPOLIS POWER & LIGHT COMPANY.

[No. 2-674A130. Filed June 23, 1975. Rehearing denied July 24, 1975. Transfer denied December 18, 1975.]

*Ted. B. Lewis, Richard L. Gilliom, Stewart, Irwin, Gilliom, Fuller & Meyer,* of Indianapolis, for appellant Beveridge Paper Company, *Jerry Williams, Kreig, DeVault, Alexander & Capehart,* of Indianapolis, for appellant Indianapolis-Marion County Building Authority.

*Marcus E. Woods,* of Indianapolis, for appellee Indianapolis Power & Light Company, *Frank Biddinger,* Public Counselor,

*John H. Groves, Jerry P. Belknap, Barnes, Hickam, Pantzer & Boyd,* of Indianapolis, for appellee Public Service Commission.

PER CURIAM—This cause is pending before the Court on the Petition of the Appellants Scott Paper Company, by its Division, Beveridge Paper Company, and the Indianapolis-Marion County Building Authority, for Leave to File Belated Assignment of Errors, the Objections and Motion to Dismiss of the Appellee Indianapolis Power & Light Company, and the briefs of the parties in support of their Petition, Objections, and Motion.

This is an appeal from a final decision, order and ruling of the Public Service Commission of Indiana. Petitions for Rehearing were timely filed before the Commission and denied. Appellants thereafter petitioned this Court and were granted extensions of time within which to file the record of the proceedings. The record was filed with the Clerk of this Court on December 12, 1974, the date to which the last extension of time ran. The record did not contain an assignment of errors.

On March 6, 1975, the appellants filed their Petition for Leave to File Belated Assignment of Errors, in which they allege that on December 12, 1974, separate and apart from the transcript, an Assignment of Errors was delivered to the Clerk of the Supreme and the Court of Appeals of the State of Indiana for filing in this cause. The Clerk's docket does not show the filing of an Assignment of Errors on that or any other date. The Clerk's entry for December 12, 1974, in this case is as follows: "1974 Dec. 12. Record of Proceedings in 5 Vol. filed." We have carefully examined the Clerk's file and find no Assignment of Errors. We have examined the five volumes of the record and find no Assignment of Errors.

The statute providing for appeals to this Court from the final decisions of the Public Service Commission, is IC 1971, 8-1-3-1, (Burns Code Ed.), and reads as follows:

"Appeal to Appellate Court from final decision, ruling or

order of commission—Transfer to Supreme Court—Assignment of errors.—Any person, firm, association, corporation, city, town or public utility adversely affected by any final decision, ruling, or order of the public service commission of Indiana, may within thirty [30] days from the date of entry of such decision, ruling or order, appeal to the Appellate Court of Indiana for errors of law under the same terms and conditions as govern appeals in ordinary civil actions, except as otherwise herein provided, and with the right in the losing party or parties in the Appellate Court to apply to the Supreme Court for a petition to transfer the cause to said Supreme Court as in other cases. An assignment of errors that the decision, ruling or order of the commission is contrary to law shall be sufficient to present both the sufficiency of the facts found to sustain the decision, ruling or order, and the sufficiency of the evidence to sustain the finding of facts upon which it was rendered."

An appeal to this Court of an order of the Public Service Commission is a judicial review. The assignment of errors in such a statutory appeal is the initial pleading in the reviewing court and it serves the same function as the complaint in special statutory proceedings in a trial court.[1] Without the filing of an assignment of errors (complaint) the jurisdiction of this Court is not initiated, and the power of review cannot be pursued.[2]

Moreover, the assignment of errors must be attached to and made a part of the record of the proceedings, and not filed as a separate document, as appellants' attorney alleges was done in this case. Rule AP. 7.2 provides that "The record of the proceedings shall consist of the following documents: (1) A certified copy of the motion to correct errors or an assignment of errors." This Court in the case of *Moore* v. *Spann* (1973), 157 Ind. App. 33, 298 N.E.2d 490, discussed at length the former rules of procedure, cases decided under the former rules, and our present rules TR. 59(G) and AP. 7.2(A), and concluded that the rationale

1. *Martin* v. *Indianapolis Water Co.* (1959), 130 Ind. App. 416, 162 N.E.2d 709.

2. *Slinkard* v. *Extruded Alloys* (1971), 150 Ind. App. 479, 277 N.E. 2d 176.

of requiring the inclusion of an assignment of errors in the record remains unscathed by the adoption of the current rules of procedure.

The statute providing for appeals from decisions of the Public Service Commission,[3] contains essentially the same phrase concerning the assignment of errors as that governing appeals from the Industrial Board of Indiana,[4] namely: "an assignment of errors that the decision, ruling or order of the commission is contrary to law shall be sufficient to present both the sufficiency of the facts found to sustain the decision, ruling, or order, and the sufficiency of the evidence to sustain the finding of facts on which it was rendered." In discussing that phrase in the statute pertaining to appeals from the Industrial Board, Judge White, in the case of *Means* v. *Seif Material Handling Company* (1973), 157 Ind. App. 492, 300 N.E.2d 895, 896, stated:

> "We deeply regret that a technicality has frustrated an appeal. No useful purpose is served by requiring an assignment of errors in an appeal from an award of the Industrial Board. The statute provides, in effect, that an assignment that the award is contrary to law is sufficient to present any error. Such an all encompassing assignment is as helpful as a blank sheet of paper would be. Its filing is merely a ritual whereby an appellant invokes our jurisdiction. Either the Supreme Court or the General Assembly, or both, should abolish it. Until that is done, however, we have no jurisdiction of this case and can do nothing but dismiss it."

Our sentiments are the same in the case now before us. However, neither the Supreme Court nor the General Assembly has acted to abolish the requirement of filing of an assignment of errors, and in the language set out by the statute. That being so, just as in the *Means* case, we have no jurisdiction of this case, and we can do nothing but dismiss it.

The Motion of the Appellee Indianapolis Power & Light Company to Dismiss Appeal is sustained and this cause is dismissed.

---

3. IC 1971, 8-1-3-1 (Burns Code Ed.).
4. IC 1971, 22-3-4-8 (Burns Code Ed.).

Buchanan, J., concurs in result.

NOTE.—Reported at 330 N.E.2d 137.