# UTAH FUEL CO. v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 4649.   Decided April 12, 1928.   (273 P. 306.)
Rehearing Granted January 7, 1929.

200

*Ray & Rawlins* and *H. J. Binch,* all of Salt Lake City, for plaintiff.

*Harvey H. Cluff,* Atty. Gen., and *J. Robert Robinson,* Asst. Atty. Gen., for the Commission.

William A. Hilton, of Salt Lake City, for defendant Parry.

STRAUP, J.

This is an original proceeding in this court for a writ of certiorari to review proceedings of the Industrial Commission wherein it made, an award to be paid by the Utah Fuel Company to Clyde A. Parry for injuries sustained by him in the course of his employment.

The injury was sustained March 25, 1921. On July 21, 1921, an award of $16 a week was made. The company paid this until March 25, 1927, a period of about 6 years, amounting to $5,000, at which time the company ceased making further payments and disclaimed further liability. Thereupon Parry filed a further application before the commission claiming a permanent and total disability and asked compensation for the remainder of his life. On August 8, 1927, the commission awarded him further compensation for life at the rate of $14.28 a week. The company in due time filed a motion or petition before the commission

for a rehearing which was denied August 29, 1927. However, no notice of any kind was given the company of the ruling denying the motion until October 4, 1927, when the commission gave the company written notice that the motion was denied August 29, 1927. Until such notice was given, the company had neither notice nor knowledge as to what ruling on the motion had been made. On October 31, 1927, the company applied to this court for, and was granted, a writ of certiorari to review the proceedings of the commission resulting in the award made August 8, 1927, and overruling the motion for rehearing August 29, 1927. In obedience to the writ, the commission, on November 19, 1927, certified and transmitted the record of its proceedings in the cause to this court.

A motion in pursuance of and based on section 3148 (a) of the Industrial Act, Comp. Laws Utah 1917, as amended by Laws Utah 1921, p. 181, is made by Parry to dismiss the writ because not applied for within the time prescribed by such section. The section is:

"Within thirty days after the application for a rehearing is denied, or, if the application is granted, within thirty days after the rendition of the decision on the rehearing, any party affected thereby including the state insurance fund, may apply to the supreme court of this state for a writ of certiorari or review (hereinafter referred to as a writ of review) for the purpose of having the lawfulness of the original award or the award on rehearing inquired into and determined."

Parry contends that the provision of the section relating to the time within which an application for a writ of review may be made to this court is mandatory and that a strict compliance therewith is requisite to confer jurisdiction on this court to grant the writ and to review the proceedings before the commission, and that in the absence of express authorization conferred by statute (of which there is none) this court has no power to extend the time in which the application for a writ may be made or to relieve a party

making application from neglect or omission to apply for the writ within the time prescribed by the statute.

In resisting the motion to dismiss it, by affidavit on behalf of the company, is shown that for 10 years or more it was the custom and uniform practice of the commission to give immediate or timely written notice to all interested parties of any and all orders made in a cause before it, and especially as to orders awarding or denying awards or of granting or overruling motions or petitions for rehearing, that such was the custom and practice of the commission as to numerous and all proceedings had before it in which the company was interested, that the company in this as in all such instances relied on the custom and practice of the commission to give such notice and for such reason did not make inquiry from time to time as to rulings made by the commission as to matters taken under advisement by it, but that in this instance, though the motion was taken under advisement, yet no notice was given of the ruling until the 30-day period after the ruling was made and filed had expired, and that the failure of the commission to give notice timely was an inadvertence or neglect on its part not chargeable to the company, and that until the belated notice was given neither the company nor its counsel had any knowledge that the motion for a rehearing had been determined or overruled. Hence the company asserts that not to relieve it from the operation of the statute in such circumstance and to dismiss the writ is a denial of a substantial right.

In response to this Parry asserts that the statute does not require, as it does not, the giving of any notice of the making or filing of any such order; that no such duty is imposed on the commission or on the adverse party; that the giving of notice by the commission is but a courtesy and that an interested party has no legal right to rely on the giving of a notice; that a reliance on the commission to do so cannot excuse a strict compliance with the mandatory provision of the statute, and that whatever neglect

or inadvertence, if any, may be attributable to the commission in such respect may not be visited on or charged to him; and that thus the affidavit filed on behalf of the company is immaterial and extrinsic and no part of the record certified to this court by the commission, and hence must be disregarded. To support his position Parry cites and relies on the case of *Heledakis* v. *Industrial Commission*, 66 Utah 608, 245 P. 334, and to other prior Utah cases therein referred to and approved. In the Heledakis Case this court in considering and construing the statute in question said:

"This statute has been heretofore construed by this court to be mandatory as limiting the time within which an aggrieved party, under the Industrial Act, may apply to this court for the character of relief prayed for in the instant case. *Salt Lake City.* v. *Ind. Comm.*, 61 Utah 514, 215 P. 1047; *State Insurance Fund* v. *Ind. Comm.*, 61 Utah 579, 217 P. 249; *Ferguson* v. *Ind. Comm.*, 63 Utah 112, 221 P. 1099. These cases unqualifiedly establish the rule in this jurisdiction that an application to this court under the Industrial Act, for a writ of review, must be made within 30 days from the date of the order awarding or denying compensation on a rehearing of the case. Furthermore, in our opinion such application must be made within that time, regardless of whether or not formal notice of the decision is given to the party aggrieved. The statute above quoted is analogous in principle to the statute providing for appeal to this court in civil cases from a final judgment of the district court. The appeal in such cases must be taken within 6 months from the entry of the judgment, whether the appellant has notice of the judgment or not. We see no reason for a different interpretation of the statute in question here. Our only justification for going further than to merely cite the above cases is the fact that here the plaintiff claims he had no notice of the decision until after the 30 days had expired. While we are of the opinion that, even if that were true, it would not aid the plaintiff for the reasons already stated, yet in justice to the Commission it is fair to say the court is of opinion that it appears conclusively from the record that both applicant and his attorney had notice of the decision."

It is not urged that the Heledakis Case was wrongly decided or that it in any particular ought to be modified.

It, however, is urged that, since in that case it, and
as stated by the court, was conclusively shown by the
record that the party and his counsel seeking the writ
had notice of the decision of the commission, the statement
in the opinion that the application for the writ must be
made within the time prescribed by the statute regardless
of whether notice of the decision was or was not given
was obiter dictum and thus not of binding or of controlling
effect. The statement is not so to be regarded. The claim
was there made that the party seeking the writ had re-
ceived no notice and because thereof sought to be excused
or relieved from the operation of the statute as to the time
therein prescribed in which to apply for the writ. This
court disposed of the claim or contention by holding that
the statute was mandatory, that it did not require the giv-
ing of notice, that it was analogous to the appeal statute
permitting an appeal in civil cases to this court from final
judgments of the district court and was governed by the
same principles and required the same interpretation, and
that thus the giving of notice was not requisite to put in
motion the time prescribed by the statute for a writ to re-
view proceedings before the commission, and hence want of
notice could not aid the applicant for the writ. After thus
disposing of the claim or contention as matter of law and
upon such interpretation of the statute on the assumption
of a want of notice, the court further disposed of the claim
or contention as matter of fact and held that by the record
it was shown the applicant and his counsel were notified.
Thus the court disposed of the claim both as to the law and
as to the facts. It may be said that dictum is of two kinds—
one, the expression of an opinion by the court or judge
of a mere collateral question not involved or of mere argu-
ment or illustration originating with him and not argued
or presented by counsel; and the other, an expression of an
opinion on a question involved and argued by counsel and
passed on by the court though not necessary to the decision.
But where there are two grounds argued, presented, and in-

volved, upon either of which the judgment or decision on the record can be rested, and both are sustained, the ruling on neither is dictum, but each is the judgment or decision of the court and the one of equal validity with the other. *In re Chadwick's Will*, 80 N. J. Eq. 168, 82 A. 918; *Union Pac. R. Co.* v. *Mason City, etc.*, 199 U. S. 160, 26 S. Ct. 19, 50 L. Ed. 134; *Rohrbach* v. *Germania Fire Ins. Co.*, 62 N. Y. 47 at page 58, 20 Am. Rep. 451. Applying these principles we think the statement not dictum.

The company further urges that, though the statute does not in terms require the giving of notice to put in motion the time prescribed in which to apply for the writ, nevertheless, the statute by implication requires such a construction, otherwise the want of notice or failure to give it within the 30-day period renders the right to the writ fruitless. In support of that the case of *Murphy* v. *Elms Hotel*, 104 Conn. 351, 133 A. 106, is cited. That case, wherein is considered a similar statute, so holds. Whatever persuasive force may be given the conclusion there reached, still the holdings of this court in the cases referred to manifestly make against and are at variance with such an interpretation of our statute.

The further point made is that, though the statute in question be regarded as analogous to the appeal statute and governed by the same principles and the one to receive the same interpretation as the other, yet sufficient is here made to appear, not shown in the prior cases, to excuse or relieve the company from the operation of or a strict compliance with the statute. The general rule is that the time prescribed by statute for taking or perfecting an appeal or proceeding in error is jurisdictional, that it cannot be extended nor relief granted in case of a failure to proceed in time, unless such extension or relief is authorized by statute. 3 C. J. 1069. However, on page 1073, the author further says:

"In some jurisdictions a party desiring to appeal or sue out a writ of error will be relieved from the operation of the statute of limita-

tions where the delay has been occasioned by fraud, accident, mistake, or some other cause beyond his control, and where he himself has been without laches."

In nearly all of the cases cited in support of the text the appeal, however, was dismissed. With but few exceptions the references made in such cases with respect to the matters stated in the text relate to failures or omissions to perfect an appeal taken in time, or to bring up or file the record on appeal within the prescribed time, or where there was an express statute giving either the appellant or the lower court a discretion to extend the time for taking or perfecting an appeal or proceeding in error or to allow an appeal or proceeding in error which parties neglected or omitted to take or perfect in time. We have no such statute giving either the lower court or this court a discretion to extend the time in which to prosecute an appeal to this court. On the contrary, we have a statute which forbids the extension of time in which to serve and file a notice of appeal. Under our practice an appeal is taken by the service and filing of a notice of appeal and is perfected by the filing of an undertaking as by our Code provided. When an appeal thus is taken and perfected as by the statute provided, we have undoubted power, and often exercise it, to extend the time on good cause shown to transmit or file the record on appeal in this court or to relieve the appellant from neglect or omission to transmit or file the record within the time prescribed by the statute.

In a few jurisdictions it has been held that though there is no express statute giving authority to extend the time in which an appeal or other proceeding in error may be taken, or to relieve a party from neglect or omission to take an appeal within the prescribed time, nevertheless, the appellate court has inherent power to grant relief where the failure or omission to take the appeal within time was due to fraud or violence of the adverse party, or to some adventitious circumstance over which the appellant had no control, and

thereby was prevented from taking the appeal within time (*Smythe* v. *Boswell*, 117 Ind. 365, 20 N. E. 263; *Hutts* v. *Martin*, 131 Ind. 1, 30 N. E. 698, 31 Am. St. Rep. 412), but that such power is to be exercised only in the clearest of cases and when the party seeking the relief is wholly without fault (*Hurst* v. *Hawkins*, 39 Ind. App. 467, 79 N. E. 216, 80 N. E. 42). The case here does not present such a proposition, and hence we express no opinion concerning it.

It has been suggested, but not seriously contended, that relief may be granted under section 6619, Comp. Laws Utah 1917, of our Code of Civil Procedure, relating to discretionary powers of the court authorizing relief on grounds of mistake, inadvertence, surprise, or excusable neglect under conditions and circumstances there stated, but we perceive no authority or discretion there stated or implied to relieve a failure or omission to take an appeal within the time prescribed by statute, especially in view of a further provision of the Code forbidding extensions of time within which to serve and file a notice of appeal.

Thus if the statute here in question is to be regarded and interpreted as is the appeal statute, and if the same principles applicable to the latter are to be applied to the former, and as is held by the prior decisions of this court, then the conclusion is unavoidable that the writ here applied for was issued improvidently and without authority and must be recalled and dismissed.

As an original proposition, however, much may be said that the statute in question is not analogous to the appeal statute, or at least not to the extent that the governing principles of the latter are equally applicable to the former, for the reason that appeals are creatures of the law and can only be taken and perfected as by statutory law provided and regulated, while the writ of certiorari under our Constitution is a constitutional, remedial, and an original writ to be granted, employed, and exercised by us, not as provided

by law, but as the writ was known and employed, either at common law or as it existed and was exercised under the laws of the territory and as declared by the territorial courts when the Constitution was adopted, and that such constitutional writ and power conferred upon this court in such particular by the Constitution may not be enlarged, curtailed, or abridged by legislative enactments nor made dependent upon the will or discretion of the Legislature (*State ex rel. Robinson* v. *Durand,* 36 Utah 93, 104 P. 760, and cases there cited) ; and that thus the statute in question is not mandatory, at most only advisory, and therefore not binding on us as to when a party may or may not apply to this court and invoke, not our appellate jurisdiction, but our original jurisdiction conferred upon us not by legislative enactment but by the Constitution itself, a power wisely so conferred by the framers of the Constitution to issue and employ unfettered by legislative enactments the extraordinary writs mentioned in the Constitution, of which the writ of certiorari is one, among other things, to arrest and undo proceedings of inferior courts, tribunals, boards, etc., in excess of or for want of jurisdiction, where there is no appeal, nor any plain, speedy, or adequate remedy at law, and thereby prevent and undo usurpation or abuse of power and hold such courts, tribunals, boards, etc., within their jurisdiction and proper sphere.

However, such view, though not mentioned or referred to nor apparently considered in the prior cases of this court wherein the statute in question was considered and interpreted, nevertheless is not in harmony with what was there considered and decided in such respect. The effect of the holdings in such cases is that writs of certiorari issued by this court in the exercise of its original jurisdiction to review proceedings of the Industrial Commission are required to be issued as by the Industrial Act provided, and whatever provisions in such respect are there made are mandatory and binding upon this court and may not be disregarded by it, and thus the power of this court in its original jurisdiction to issue the writ and review proceedings of the Industrial

Commission is not as by the Constitution, but as by statute in such case made and provided.

Thus, it follows that the writ heretofore issued by us must be and is dismissed and the record transmitted to us remanded to the commission. Such is the order.

THURMAN, C. J., and CHERRY, J., concur in the result.

HANSEN and GIDEON, JJ., concur.

### On Rehearing.

PER CURIAM. On petition of the plaintiff a rehearing was granted, the case reargued and further examined. The petition was supported by an affidavit of counsel for plaintiff that within 30 days after plaintiff's motion or petition for a rehearing before the commission was denied, counsel for plaintiff, at the office of the commission, inquired of a stenographer of the commission, what, if any, ruling had been made by the commission on plaintiff's motion and was informed that no ruling had been made and that counsel had neither knowledge nor notice of the ruling until after the 30 days had expired.

Because of that and because of the claim that the time prescribed by the statute in which an application may be made to this court for a writ to review proceedings before the Industrial Commission is not mandatory, at most merely advisory and not binding on this court in the exercise of its original jurisdiction and of judicial powers in such respect conferred on it by the Constitution, to support which, among other cases and authorities, are cited *State ex rel. Robinson* v. *Durand,* 36 Utah 93, 104 P. 760, 15 C. J. 731, *Swift* v. *Wayne Circuit Judges,* 64 Mich. 479, 31 N. W. 434, *Neil* v. *Pub. Utilities Com.,* 32 Idaho 44, 178 P. 271, *Pac. Tel., etc., Co.* v. *Eshleman,* 166 Cal. 640, 137 P. 1119, 50 L. R. A. (N. S.) 652, Ann. Cas. 1915C, 822, *Public Service Com.* v. *Kansas Gas, etc., Co.,* 121 Kan. 14, 246 P. 178, and *Complete Bldg. Show Co.* v. *Albertson,*

99 Ohio St. 11, 121 N. E. 817, it is urged that it is within the power of this court to entertain the application for a review and to review the proceedings on the merits. As to this the court is divided.

The views expressed in the Durand Case and the ruling therein made, as well as the views generally stated in the other cited cases, are not disapproved but approved. It, however, is the view of a majority of the court, of THURMAN, C. J., CHERRY, J., and GIDEON, J., that the act fixing the time within which an application may be made to this court for the writ does not infringe upon the judicial powers of this court conferred upon it by the Constitution, and thus the cited cases have no application, and that the question in hand is controlled by the Heledakis Case and cases there cited to which HANSEN, J., and STRAUP, J., dissent. Thus as to such question the view entertained by a majority of the court leads to the same conclusion heretofore reached.

Thus because of the Heledakis Case an application not made to this court within the prescribed time of 30 days does not confer jurisdiction on this court, either original or otherwise, to review proceedings of the commission by certiorari or otherwise.

Since, as ruled in the Heledakis Case that the statute prescribing the time within which an application may be made to this court for a review is analogous to our general appeal statute and governed by the same principles and which time cannot be extended nor relief granted in case of a failure to proceed in time, unless expressly authorized by statute, the further question is, Is this court authorized to relieve the plaintiff because of the misinformation given it? Confessedly there is no express statute authorizing it. On the theory that the time prescribed for a review is to be governed by the same principles as our appeal statute and as ruled in the Heledakis Case, we see no authority in the co-called inherent power of courts to grant the relief, much as we may here feel the need of

the existence of such a power. If it was competent for the Legislature in such particular to so prescribe our original jurisdiction of a cause, we must yield to such legislative will. It is not within our province to read something into the statute not found there, nor to carve out exceptions to meet hard cases.

Thus the original order made by us dismissing the writ is affirmed.