2009 UT App 221

**WASATCH COUNTY, Petitioner and Appellant,**

v.

**TAX COMMISSION, Respondent and Appellee,**

and

**Warren Osborn and Tricia Osborn, Appellees.**

**No. 20080732–CA.**

Court of Appeals of Utah.

Aug. 13, 2009.

Thomas L. Low and Kevin S. Thurman, Heber City, for Appellant.

Mark L. Shurtleff, Atty. Gen., Laron J. Lind, and Timothy A. Bodily, Asst. Attys. Gen., Salt Lake City, for Appellee Tax Commission.

Maxwell A. Miller, Randy M. Grimshaw, and Matthew D. Cook, Salt Lake City, for Appellees Osborn.

Before Judges THORNE, BENCH, and DAVIS.

## OPINION

DAVIS, Judge:

¶ 1 Wasatch County (the County) appeals the district court's order granting Warren and Tricia Osborn's (the Osborns) motion to dismiss. We affirm.

## BACKGROUND

¶ 2 The dispute underlying this case was initially brought before the Utah State Tax Commission (the Commission) and involved the County and several property owners, including the Osborns. After the Commission entered a final order, the Osborns and the other property owners filed a petition for review with the Utah Supreme Court. Thereafter, the County filed a cross-petition for review.[1]

¶ 3 The day following its filing of the cross-petition in the supreme court, the County also filed a petition for review in the district court.[2] The Osborns moved to dismiss that case. The County, the Commission, and the district court all agreed that the Osborns could participate in the case because they were parties thereto when the case was originally heard by the Commission. At oral argument on the motion to dismiss, the Osborns argued that the County could not request review in the district court after having already elected to participate in the appeal initiated before the supreme court. After briefing, the district court dismissed the County's appeal, ruling that it did not have subject matter jurisdiction over the case. The district court ruled that because the County had cross-petitioned in the case before the supreme court and invoked the supreme court's jurisdiction, the County could not thereafter invoke the jurisdiction of the district court by additionally filing for review there. The County now appeals this determination.

## ISSUE AND STANDARD OF REVIEW

¶ 4 The district court granted the motion to dismiss on the ground that it did not have subject matter jurisdiction to hear the case. "The determination of whether a court has subject matter jurisdiction is a question of law, which we review for correctness, according no deference to the district court's determination." *Beaver County v. Qwest, Inc.,* 2001 UT 81, ¶ 8, 31 P.3d 1147.

## ANALYSIS

¶ 5 Utah Code section 59-1-602 provides, "Any aggrieved party appearing before the commission or county whose tax revenues are affected by the decision may at that party's option petition for judicial review in the district court pursuant to this section, *or* in the Supreme Court or the Court of Appeals pursuant to Section 59-1-610." Utah Code Ann. § 59-1-602(1)(a) (2008) (emphasis added). We agree with the County that this section allows each party to a tax commission decision to appeal to the court of its choice, and we also agree that one party's filing of an appeal does not restrict the avenues of appeal open to the other parties.[3] We do

---

1. The Utah Supreme Court later transferred this case to the Utah Court of Appeals, and it is currently pending before us under case number 20080304-CA.

2. Four days following the filing of the petition for review in the district court, the County moved to stay the proceedings before the supreme court.

3. The Utah Code does not prescribe a procedure to be followed should different parties elect to appeal in different courts. It appears that in such situations the practice has been to stay proceedings in the case filed with the appellate court until the appeal taken in the district court has reached a conclusion. We agree with the Commission that some guidance on the matter would be helpful, but such a decision is not ours to make. Instead, it is within the province of the legislature. *Cf. Utah Fuel Co. v. Industrial Comm'n,* 73 Utah 199, 273 P. 306, 311 (1928)

not, however, agree with the County that it properly invoked the jurisdiction of the district court.

¶ 6 After the property owners petitioned for appeal in the supreme court, the County filed a cross-petition seeking affirmative relief. We are not convinced by the Commission's and the County's arguments that the County's cross-petition for review did not qualify as a "petition for judicial review" under the statute. The County's cross-petition made no reference whatsoever to seeking review in the district court. Rather, the cross-petition unconditionally petitioned the supreme court for affirmative relief:

> Wasatch County hereby cross-petitions the Court for review of the Findings of Fact, Conclusions of Law, and Final Decision of the Utah State Tax Commission .... This Cross-Petition seeks review of that portion of the Tax Commission Decision which allocates 65% of the value of the entire lot to the ten-acre building envelope ....

Thus, the County exercised its option to petition the supreme court for relief, invoking the jurisdiction of the supreme court. And after such action, the other option provided by statute, i.e., to petition the district court for relief, was no longer available to the County. *See generally id.* (allowing any party to seek judicial review with either the district court *or* an appellate court).

### CONCLUSION

¶ 7 We agree that the district court did not have jurisdiction to hear an appeal from the case before the Commission after both parties had elected to petition the supreme court for review, unconditionally seeking affirmative relief therein. We therefore affirm the district court's grant of the Osborns' motion to dismiss.[4]

¶ 8 I CONCUR: RUSSELL W. BENCH, Judge.

(per curiam) ("It is not within our province to read something into the statute not found there, nor to carve out exceptions to meet hard cases.").

4. We decline the Osborns' request for attorney fees based on a frivolous appeal. *See generally* Utah R.App. P. 33(a). "A frivolous appeal is one without merit. But something more must be

THORNE, Judge (dissenting).

¶ 9 I respectfully dissent. I disagree with the majority's interpretation of Utah Code section 59–1–602 and its resulting conclusion that once the County filed its cross-petition in the supreme court, the statutory venue option of district court review was no longer available to the County. The statute provides aggrieved parties with the right to choose the venue for judicial review by stating, "[a]ny aggrieved party appearing before the commission or county whose tax revenues are affected by the decision may at that party's option petition for judicial review in the district court pursuant to this section, or in the [Utah] Supreme Court or the [Utah] Court of Appeals pursuant to section 59–1–610." Utah Code Ann. § 59–1–602(1)(a) (2008). The statute clearly gives an aggrieved party the right to seek district court review. Under the circumstances of this case it is certainly understandable that a party may want to establish a more complete and comprehensive record of the factual situation and circumstances surrounding the issue on review. The statute does not, however, take the eminently reasonable view of the majority that active participation (including preservation of the opportunity to present claims) in one forum forecloses all other options.

¶ 10 The position adopted by the majority may be the preferable method of handling such reviews. The difficulty, however, is that the rule and procedures are not clear and place parties in the unfortunate position of "gambling" when trying to decide upon the appropriate course of action.

¶ 11 In the race to the courthouse, the County came in second. The petition in the supreme court was filed first. The statute and rules do not inform the parties as to the

required or we will find ourselves in a 'loser pay' situation." *O'Brien v. Rush,* 744 P.2d 306, 310 (Utah Ct.App.1987). An appeal is frivolous if it "is not grounded in fact, not warranted by existing law, or not based on a good faith argument to extend, modify, or reverse existing law." Utah R.App. P. 33(b). This appeal does not satisfy that definition.

appropriate "race" rules. Does the first party to the courthouse effectively decide the appellate venue? Will a party that believes a district court record is needed still have a right to establish a record if the opponent chooses a different option? Or if a party's right to seek review in the district court still has efficacy must that party do nothing but "respond" in the appellate forum, as opposed to presenting its own issues, in order to preserve the right to a district court venue? If a party simply responds and does not "cross-appeal" and it turns out that the first in time filing controls venue, has that party lost the right to have its issues and concerns addressed? If a party attempts to file a "boxcar" pleading, noting that the party is seeking review of its issues in the district court and is merely filing a "place-holder" in the supreme court, will that pleading be effective when not sanctioned by the rules? These are just a few of the permutations facing the parties in this matter.

¶ 12 A statute, court rule, or case law certainly might decide which rules are better or more efficient. But until that has happened, parties and their lawyers are without clear guidance. Without information as to the proper venue opting procedure, I believe that it is inherently unfair to strictly construe the statute against the County, as the majority does, when the County did not have the benefit of any statute, rule, or case law guidance as to how to properly exercise their statutory venue option.

¶ 13 Not only does the statute neglect to provide guidance as to the manner in which a party is to preserve its right to participate in an appeal where the parties opt for differing venue, *see id.* § 59–1–602, there is also no language in the statute that purports to make the venue option irrevocable, *see id.* As such, the statute does not appear to foreclose a request for change of venue in either the district court or supreme court. In situations where the application of the statute is unclear, we should look to the purpose of the statute.

> When uncertainty exists as to the interpretation and application of a statute, it is appropriate to look to its purpose in the light of its background in history, and also

to the effect it will have in practical application .... While it is true that our statutes are to be liberally construed to give effect to their purpose and to promote justice, it is equally true that they should not be distorted beyond the intent of the legislature.

*Mountain States Tel. & Tel. Co. v. Payne,* 782 P.2d 464, 466 (Utah 1989) (omission in original) (internal quotation marks omitted).

¶ 14 The purpose of the statute at issue here is to provide each of the parties with the ability to meet their individual appeal needs based on the particular circumstances of the case. They may either pursue a trial de novo in the district court or proceed to appeal the Commission's decision in an appellate court. *See* Utah Code Ann. § 59–1–602 (2008); *id.* § 59–1–601 (granting the district court jurisdiction "to review by trial de novo all decisions issued by the commission," which trial de novo "means an original, independent proceeding, and does not mean a trial de novo on the record"). To liberally interpret the statute to allow the County to revoke its cross-petition and exercise its right to opt for a trial de novo, to temporarily stay the appellate proceedings, or both, promotes justice and is in accordance with the statute's purpose, garnered from the plain language of the statute, that is—to allow the parties flexibility to proceed in different courts. A statute or rule change may help eliminate confusion and expedite the review process, but this should be done prospectively, not after the fact and to the detriment of litigants.

¶ 15 Accordingly, I would reverse the district court's dismissal of the County's de novo review.