**2018 UT App 178**

## THE UTAH COURT OF APPEALS

YAN ROSS AND RANDI WAGNER,
Appellees,
*v.*
DOUGLAS R. SHORT,
Appellant.

Opinion
No. 20151055-CA
Filed September 20, 2018

Third District Court, Salt Lake Department
The Honorable John Paul Kennedy and Ryan M. Harris
No. 070915820

Douglas R. Short, Appellant Pro Se

John H. Bogart, Attorney for Appellees

JUDGE DIANA HAGEN authored this Opinion, in which
JUDGES MICHELE M. CHRISTIANSEN FORSTER and DAVID N.
MORTENSEN concurred.

HAGEN, Judge:

¶1 Appellant Douglas R. Short appeared as an attorney for an intervenor in supplemental proceedings to enforce a judgment. Short has faced multiple sanctions based on his improper conduct as an attorney in those proceedings. This appeal concerns the most recent sanctions imposed by the district court, ordering Short to pay the attorney fees that Appellees, Yan Ross and Randi Wagner, incurred in responding to a series of motions that lacked a legal or factual basis or were submitted for an improper purpose. Short appeals the district court's final judgment awarding sanctions totaling $27,981.07, plus interest, as well as the denial of his subsequent motions to vacate that judgment. We affirm and award Appellees the costs and attorney fees incurred in defending this appeal.

BACKGROUND

¶2    In January 2009, Ross and Wagner moved for a writ of execution to enforce a judgment against Global Fraud Solutions (GFS). Michael K. Barnett, the general manager of GFS, intervened, claiming that he personally owned the assets subject to the writ. Short appeared as legal counsel for Barnett.

¶3    On December 30, 2014, as a result of Short's performance as counsel in these proceedings, the district court granted Ross and Wagner's motion for sanctions under rule 11 of the Utah Rules of Civil Procedure (the Sanctions Order). In an attempt to "compensate [Ross and Wagner] as well as deter Mr. Short," the district court directed Ross and Wagner's attorney to submit "an affidavit of attorney fees and a proposed order . . . detailing the amount incurred in responding to the subject motions." The court imposed the sanctions under rule 11 and its "'inherent power to impose monetary sanctions on attorneys who by their conduct thwart the court's scheduling and movement of cases through the court.'" (Quoting *Maxwell v. Woodall*, 2014 UT App 125, ¶ 6, 328 P.3d 869.)

¶4    As directed, Ross and Wagner's attorney, John H. Bogart, filed a declaration (the Bogart Declaration) regarding attorney fees within ten days. Short filed no opposition, and Ross and Wagner moved to submit the matter for decision. The district court found that the attorney fees were reasonable, granted relief in the amount requested, and invited Ross and Wagner to submit a proposed order reflecting the ruling.

¶5    Ross and Wagner served Short with a proposed order regarding the fees request. Again, Short filed no objection to the proposed order, and Ross and Wagner submitted the order for signature once the time for filing objections had passed. On February 9, 2015, the court entered the final order as proposed, awarding attorney fees in the amount of $27,981.07 (the Fees Order).

¶6 Short failed to pay the award, and Ross and Wagner moved for entry of judgment. They served Short with a proposed, final judgment assessing interest on the original award. Once Short's deadline to file an objection had passed, Ross and Wagner moved to submit the motion for entry of judgment. That same day, Short moved for an extension of time to file an opposition. The court granted a two-day extension. When Short failed to file an opposition within that timeframe, Ross and Wagner again submitted the matter for signature. The district court entered the judgment as proposed on July 2, 2015 (the Judgment).

¶7 On September 30, 2015, Short filed two motions to vacate the Judgment under rule 60(b) of the Utah Rules of Civil Procedure. On November 12, 2015, the district court denied both motions by order. Short then filed a motion to vacate the November 12 order. On November 30, 2015, the district court denied that motion as well.

¶8 Short filed this appeal challenging the Judgment and both the November 12 and 30 orders denying his motions to vacate.

ISSUES AND STANDARDS OF REVIEW

¶9 Short raises three issues on appeal. First, Short argues that the district court should have granted his rule 60(b) motion for relief from the Judgment. "We review a Rule 60(b) motion for abuse of discretion."[1] *Golden Meadows Props., LC v. Strand*, 2010 UT App 258, ¶ 3, 241 P.3d 371.

---

1. The time to appeal the Judgment was not tolled by Short's rule 60(b) motion, because it was filed more than twenty-eight days after the Judgment was entered. *See* Utah R. App. P. 4 (b)(1)(e). Because he did not file an appeal within thirty days of the

(continued…)

¶10 Second, Short contends that the district court improperly refused to reconsider its prior decisions. "As long as the case has not been appealed and remanded, reconsideration of an issue before a final judgment is within the sound discretion of the district court." *IHC Health Services, Inc. v. D & K Mgmt., Inc.*, 2008 UT 73, ¶ 27, 196 P.3d 588. Accordingly, "[w]e review a district court's decision to reconsider an earlier decision for an abuse of discretion." *Jordan Constr., Inc. v. Federal Nat'l Mortgage Ass'n*, 2017 UT 28, ¶ 22, 408 P.3d 296.

¶11 Third, Short argues that the Judgment is void because the district court lacked subject matter jurisdiction to impose sanctions against him. "The determination of whether a court has subject matter jurisdiction is a question of law[.]" *Wasatch County v. Tax Comm'n*, 2009 UT App 221, ¶ 4, 217 P.3d 270 (quotation simplified).

ANALYSIS

I. Motions to Vacate

¶12 The district court did not abuse its discretion in denying Short's rule 60(b) motions to vacate the Judgment. Rule 60(b) of the Utah Rules of Civil Procedure allows a court to "set aside a final judgment for reasons such as mistake, newly discovered evidence, or fraud." *Honie v. State*, 2014 UT 19, ¶ 87, 342 P.3d 182. Short argues that the court should have granted the motions on two grounds: (1) the Judgment was not final, because "[t]here

_____

(…continued)

Judgment, *see id.* 4(a), we have jurisdiction to review only the denial of the rule 60(b) motion. *Reisbeck v. HCA Health Services of Utah, Inc.*, 2000 UT 48, ¶ 5, 2 P.3d 447 ("Failure to file a timely notice of appeal deprives this court of jurisdiction over the appeal.").

are several missing Rule 7(f)(2) orders" and (2) the Judgment was based on fraud or mistake. The district court acted within its discretion in rejecting both arguments.

A.    Finality

¶13    Short argues that the district court should have granted him relief from judgment under rule 60(b) because the Judgment was "not a final appealable judgment." Short argues that "there are several missing Rule 7(f)(2) orders" and that "[a]ll Rule 7(f)(2) orders must be entered for the 'Judgment' to be final." Short does not connect this argument to rule 60(b) or explain why it would entitle him to relief from the Judgment. Even assuming that failure to comply with rule 7(f)(2) constitutes a "mistake" or "other reason justifying relief" under rule 60(b), the district court correctly ruled that the Judgment complied with rule 7(f)(2).

¶14    Under the version of the Utah Rules of Civil Procedure in effect at the time, rule 7(f)(2) provided:

> Unless the court approves the proposed order submitted with an initial memorandum, or unless otherwise directed by the court, the prevailing party shall, within 21 days after the court's decision, serve upon the other parties a proposed order in conformity with the court's decision. Objections to the proposed order shall be filed within 7 days after service. The party preparing the order shall file the proposed order upon being served with an objection or upon expiration of the time to object.

Utah R. Civ. P. 7(f)(2) (2014). Both the Fees Order and the Judgment fully complied with this rule. Both proposed orders were served on Short and he was afforded time to respond. He failed to file an objection to either proposed order, even after

obtaining an extension with respect to the Judgment. After the expiration of the time to object, Ross and Wagner filed motions to submit, and both orders were entered in the form in which they were proposed. Neither order left any issues open for resolution, making them both final, appealable orders. *See Cheves v. Williams*, 1999 UT 86, ¶ 52, 993 P.2d 191 (explaining that postjudgment orders are subject to their own test of finality based on the substance and effect of those orders).

¶15    Although the Judgment fully complied with rule 7(f)(2) and was otherwise final and appealable, Short argues that the Judgment was not final, because the Sanctions Order "clearly was not a final Rule 7(f)(2) order." But the Sanctions Order did not purport to be a final order. As the district court noted in denying Short's rule 60(b) motion, the order "expressly state[d] that one thing remained to be completed—a declaration requesting fees to be filed for counsel for [Ross and Wagner]." Once this contemplated action was accomplished, the district court entered a final judgment. Short offers no authority for his argument that the Sanctions Order had to be reduced to a rule 7(f)(2) order before the Judgment could be considered final.

¶16    Relatedly, Short argues that the Judgment was not final, because there were no final orders issued on what he characterizes as "precursor motions," or, put differently, rulings he believes "must be finalized before one could logically and properly conclude that Counsel has violated Rule 11." Again, Short cites no authority for this proposition. Not only is his argument unsupported, it runs contrary to the doctrine of merger of judgments. Under this doctrine, "once final judgment is entered, all preceding interlocutory rulings that were steps towards final judgment merge into the final judgment and become appealable at that time." *Butler v. Corporation of President of Church of Jesus Christ of Latter-Day Saints*, 2014 UT 41, ¶ 24 n.6, 337 P.3d 280 (quotation simplified).

¶17     Short has not identified any mistake in the Judgment or any other reason for granting relief. Consequently, he cannot establish that the district court abused its discretion in denying his rule 60(b) motion based on lack of finality.

B.     Fraud or Mistake

¶18     Similarly, the district court did not abuse its discretion when it denied relief from the Judgment on the grounds of fraud or mistake. Short argues that the Bogart Declaration misstated the amount of attorney fees incurred because it included fees associated with litigating the rule 11 motion for sanctions. The Sanctions Order granted attorney fees incurred in responding to the "subject motions," which Short interprets to mean only the underlying motions found to be in violation of rule 11.

¶19     In denying the rule 60(b) motion, the district court found that the Bogart Declaration was not misleading, because it reflected a reasonable reading of the Sanctions Order. The court had directed Bogart to submit "an affidavit of attorney fees and a proposed order . . . detailing the amount incurred in responding to the subject motions." The district court found that Bogart reasonably interpreted the Sanctions Order as encompassing the "costs and fees incurred in preparing and arguing the motions for sanctions and otherwise responding to [Short's] improper and abusive filings." Therefore, the court found that "there was no misrepresentation or fraud in Mr. Bogart's Declaration."

¶20     Because rule 60(b) relief is subject to the court's discretion, the district court also considered "the fairness of providing the requested relief." The court noted that Short did not file any objection to the Bogart Declaration despite ample opportunity to do so. In fact, the district court noted that it "waited an extra two weeks after the Fee Request was submitted to allow for any objections," but "[n]one was filed." The court concluded that the requested relief was inappropriate when "Short had every

opportunity to oppose the Motions for Sanctions and the Fee Request and did not oppose either of them."

¶21    "A trial court has discretion in determining whether a movant has shown rule 60(b) grounds, and this court will reverse the trial court's ruling only when there has been an abuse of discretion." *Swallow v. Kennard*, 2008 UT App 134, ¶ 19, 183 P.3d 1052 (quotation simplified). Here, the district court determined that the Judgment was not a product of fraud or mistake, because the Bogart Declaration was a plausible interpretation of the Sanctions Order. In addition, the court determined that granting the requested relief would be inappropriate where Short waited until after the final judgment was entered before claiming that the declaration was misleading. Short has not established that either determination amounted to an abuse of discretion. Because Short failed to show grounds for relief from the Judgment, we affirm the court's denial of the rule 60(b) motion.

## II. Reconsideration of Prior Decisions

¶22    Short contends that the district court improperly refused to reconsider prior decisions made by a predecessor judge. This same argument was raised in the companion appeal, *Ross v. Barnett*, 2018 UT App 179, which we also decide today. For the reasons fully set forth in that opinion, the district court acted well within its discretion in declining to reconsider issues already decided against Barnett. *Id.* ¶¶ 37–41. In any event, Short has not explained why he would have standing to challenge adverse decisions relating to his client in this separate appeal challenging rule 11 sanctions against him personally.

¶23    The only argument Short makes relevant to this appeal is that the district court had an obligation to retry the motion for sanctions and make its own findings of fact and conclusions of law as to why each of Short's challenged filings lacked an adequate factual or legal basis. Short raised this issue in his

motion to vacate the Judgment when he argued that the predecessor judge had not made adequate findings to support the imposition of sanctions, leaving that task to the new judge. *See* Utah R. Civ. P. 11(c)(3) ("When imposing sanctions, the court will describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed.").

¶24   The district court properly declined to revisit the adequacy of the findings because a final order had been entered on that issue. "Trial courts have clear discretion to reconsider and change their position with respect to any orders or decisions as long as no final judgment has been rendered." *Brookside Mobile Home Park, Ltd. v. Peebles*, 2002 UT 48, ¶ 18, 48 P.3d 968. But the district court expressly found that a final judgment had been entered regarding the rule 11 sanctions. As the district court correctly observed, "[i]n the context of post-judgment proceedings, orders may become final and subject to appeal seriatum. So long as the order fully disposes of the matter(s) to which it is addressed, it is final for purposes of appeal." *See Barnett*, 2018 UT App 179, ¶ 20. Although the Sanctions Order itself "expressly state[d] that one thing remained to be completed—a declaration of fees to be filed by counsel for Plaintiffs," the Fees Order left no issues unresolved and constituted a final, appealable order. Short failed to file a timely appeal and was not entitled to bypass the appellate process by asking the district court to review a prior decision that had been reduced to a final, appealable order.

### III. Authority to Impose Sanctions

¶25   Finally, Short challenges the district court's authority to enter the Judgment. Short's principal argument rests on the faulty premise that the district court lacked "jurisdiction to adjudicate any question of ownership between Barnett and GFS in these supplemental proceedings." Therefore, Short argues, the district court had no "inherent or rule 11 authority to sanction counsel in proceedings it ha[d] no judicial authority to conduct."

For the reasons set forth in *Ross v. Barnett*, 2018 UT App 179, the district court had jurisdiction over these supplemental proceedings in which Barnett elected to intervene. *Id.* ¶¶ 25–32.

¶26   In any event, the district court's authority over an attorney appearing before the court is not dependent on the court's jurisdiction over the underlying action or over the party the attorney represents. Under rule 11, any attorney or party who files a pleading, written motion, or other paper to the court is subject to sanctions for violating the rule. *See* Utah R. Civ. P. 11(b), (c). In addition, the court has "inherent power to control the conduct of attorneys and litigants whose actions interfered with the administration of justice and resulted in wasted time and effort by opposing counsel." *Maxwell v. Woodall*, 2014 UT App 125, ¶ 7, 328 P.3d 869 (quotation simplified).

¶27   For the same reasons, we reject Short's argument that the district court lacked subject matter jurisdiction to enter a judgment against him because he is not a "party" to the case. Short's argument ignores the language of rule 11, which expressly authorizes courts to impose sanctions, not just against parties, but against attorneys who violate the rule. *See* Utah R. Civ. P. 11. It also ignores the court's well-established inherent authority and power to sanction attorneys:

> The summary jurisdiction which the court has over its attorneys as officers of the court is inherent, continuing, and plenary and ought to be assumed and exercised not only to maintain and protect the integrity and dignity of the court, to secure obedience to its rules and process, and to rebuke interference with the conduct of its business, but also to control and protect its officers, including attorneys.

*Griffith v. Griffith*, 1999 UT 78, ¶ 13, 985 P.2d 255 (quotation simplified). In light of this authority, Short's contention that a

court lacks jurisdiction to enter a judgment of sanctions against an attorney is baseless.[2]

## IV. Attorney Fees

¶28    Ross and Wagner request their attorney fees incurred in responding to this appeal. Under rule 33 of the Utah Rules of Appellate Procedure, if the court determines an appeal taken "is either frivolous or for delay, it shall award just damages, which may include single or double costs, as defined in Rule 34, and/or reasonable attorney fees, to the prevailing party." Utah R. App. P. 33(a). An appeal "interposed for the purpose of delay is one interposed for any improper purpose such as to harass, cause needless increase in the cost of litigation, or gain time that will benefit only the party filing the appeal." *Id.* R. 33(b).

¶29    We agree with Ross and Wagner that this appeal is not simply meritless but part of a "long-standing pattern of abusive and obstructive conduct." The never-ending and duplicative filings in this case, including the filing of seven separate appeals, appear designed to make this litigation prohibitively expensive. And we cannot escape the conclusion that this particular appeal is an effort by Short to gain time while he avoids paying the sanctions ordered by the district court.

¶30    We thus grant Ross and Wagner's request and remand to the district court to calculate the reasonable amount of attorney fees and costs that they incurred in connection with this appeal.

---

2. Short also contends that the district court lacked jurisdiction to order him to pay a nonparty attorney directly. While the Fees Order directed Short to "pay to [Bogart's law firm] the amount of $27,981.07," the Judgment does not contain such a directive. Instead, the Judgment from which Short appeals orders that "Plaintiffs recover from Douglas R. Short $27,981.07," plus interest.

CONCLUSION

¶31    The district court acted within its discretion in denying Short's motions to vacate the Judgment and in declining to reconsider its prior decisions. We also reject Short's challenge to the district court's jurisdiction given the court's well-established authority to impose sanctions against attorneys appearing before it. Accordingly, we affirm and remand for an award of attorney fees and costs incurred by Ross and Wagner in defending this appeal.

———————